## George L. WEBBER, Petitioner–Appellant

v.

## Rebecca TAMEZ, Warden, Federal Correctional Institution, Fort Worth, Respondent–Appellee.

### No. 11–10366
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 2011.

George Webber, Fort Worth, TX, pro se.

Frank Lawrence Gatto, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Respondent–Appellee.

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

George Webber, federal prisoner # 14047–045, appeals the dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his sentence of 192 months of imprisonment for his 2002 conviction for distribution of cocaine base. Webber contends that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior state drug offenses were not drug trafficking offenses under § 4B1.2. He asserts that he meets the requirements of the savings clause of 28 U.S.C. § 2255 because he is actually innocent of being a career offender under § 4B1.1 according to *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

Webber's claim based on an alleged error in applying a sentencing enhancement may not be asserted in this § 2241 petition because it fails to satisfy the requirements of the savings clause in § 2255. *See Kinder v. Purdy,* 222 F.3d 209, 213–14 (5th Cir.2000). The district court properly dismissed Webber's § 2241 petition for lack of jurisdiction. *See Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005).

The Government's motion for summary affirmance is GRANTED, the motion for extension of time to file a brief is DE-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

NIED, and the judgment of the district court is AFFIRMED.